**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **W.A.Y.S.S. INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ICON HEALTH & FITNESS, INC.,**<br><br>Defendant. | Case No. 1:15-cv-5023<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff W.A.Y.S.S. Inc. ("WAYSS" or "Plaintiff") files this Complaint against ICON Health and Fitness, Inc. ("ICON" or "Defendant") for infringement of U.S. Patent No. 5,785,631 ("the '631 patent").

**THE PARTIES**

1. WAYSS is an Illinois Corporation with its principal place of business located at 1550 Spring Road Suite 105, Oak Brook, Illinois 60523.

2. ICON is a Delaware company with its principal place of business at 1500 South West, Logan, Utah 84321.

3. Defendant maintains a registered agent for service of process in Delaware at RL&F Service Corp. 920 N. King St. Fl. 2, Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

4. WAYSS brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

1

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district, and/or has regular and established places of business in this district. Further, WAYSS's principal place of business is located within this district and the inventions claimed in the '631 patent were conceived of and developed within this judicial district.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this State and judicial district, including: (A) committing acts of infringement in this judicial district as described herein; (B) having a corporate headquarters in this judicial district; and/or (C) regularly conducting or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods and products sold and services provided to Illinois residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 5,785,631)

7. WAYSS incorporates paragraph 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

9. The '631 patent is entitled "Exercise Device." WAYSS is the owner of the '631 patent with ownership of all substantial rights in the '631 patent, including the right to exclude others and to enforce, sue, and recover for damages for past and future infringement. A true and correct copy of the '631 patent is attached as Exhibit 1.

10. The '631 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11. On information and belief, ICON has been infringing the '631 patent in the State of Illinois, in this judicial district, and elsewhere in the United States.

12. WAYSS has been damaged as a result of ICON's infringing conduct described in this Count. ICON is, thus, liable to WAYSS in an amount that adequately compensates it for ICON's infringement, which by law, cannot be less than a reasonably royalty, together with interests and costs as fixed by this Court under 35 U.S.C. § 284.

**(Direct Infringement)**

13. ICON has and continues to directly infringe at least claims 1, 2, 3, 4, 5, 9, 13, 14, 16, 19 and 20 of the '631 patent by among other things, making, using, offering for sale, selling and/or importing infringing devices, including the Pro-Form TDF 2.0 and TDF Pro 4.0 exercise bikes (the "Accused Products").

14. ICON is thereby liable for infringement of the '631 patent pursuant to 35 U.S.C. § 271.

**(Indirect Infringement – Inducement)**

15. Based on the information presently available to WAYSS, absent discovery, and in the alternative to direct infringement, WAYSS contends that ICON has and continues to indirectly infringe one or more claims of the '631 patent, including at least claims 1, 2, 3, 4, 5, 9, 13, 14, 16, 19 and 20 by inducing others (e.g., end users of the Accused Products) to use the Accused Products in a manner that violates one or more claims of the '631 patent.

16. ICON has been on notice of the '631 patent on or about January 14, 2008 when the '631 patent was cited by the examiner in connection with ICON's prosecution of what eventually became U.S. Patent No. 7,575,536 and U.S. Patent No. 7,980,996. In addition, see paragraphs 22 through 24 *infra*. In accordance with Fed. R. Civ. P. 11(b)(3), WAYSS will likely

have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

17. On information and belief, since ICON has been on notice of the '631 patent, ICON has knowingly induced infringement of the '631 patent, including at least claims 1, 2, 3, 4, 5, 9, 13, 14, 16, 19, and 20, and possessed specific intent to encourage others' infringement (*e.g.*, use of the Accused Products by end users of the Accused Products).

18. On information and belief, since ICON has been on notice of the '631 patent and began selling the Accused Products, ICON knew or should have known that its actions would induce actual infringement of the '631 patent, including at least claims 1, 2, 3, 4, 5, 9, 13, 14, 16, 19, and 20 of the '631 patent.

19. ICON provides support to users of the Accused Products and encourages users of the Accused Products to infringe the '631 patent at least through use of the Accused Products. For example, ICON providers instructional manuals with the Accused Products and provides customer service, support, and assistance to users of the Accused Products. *See e.g.*, http://support.proform.com/?page_id=44.

20. ICON has not produced any evidence as to any design around or that any remedial action was taken with respect to the '631 patent. In accordance with Fed. R. Civ. P. 11(b)(3), WAYSS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

21. WAYSS has been damaged as a result of ICON's infringing conduct described herein. ICON is, thus, liable to WAYSS in an amount that adequately compensates WAYSS for ICON's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

**(Willful Infringement)**

22. On or about January 14, 2008, ICON had, or should have had, notice of the '631 patent because it was cited by the examiner in connection with ICON's prosecution of what eventually became U.S. Patent No. 7,575,536 and U.S. Patent No. 7,980,996.

23. In addition, on or about June 13, 2008, the '631 patented was cited by the examiner in connection with ICON's prosecution of what eventually became U.S. Patent No. 7,713,171.

24. In addition, the '631 patent was provided to the United States Patent and Trademark office on or about July 2, 2012 via an Information Disclosure Statement submitted by ICON in connection with its prosecution of what eventually became U.S. Patent No. 8,298,123.

25. On information and belief, ICON's infringement of the '631 patent has been, and continues to be, willful, because ICON, with knowledge of the '631 patent, has acted and continues to act and infringe despite an objectively high likelihood that its action constitute infringement of the '631 patent. Further, this objectively high risk was either known, or should have been known, by ICON due to its obvious nature.

26. Despite this, ICON has, and continues to, infringe the '631 patent despite an objectively high likelihood that ICON's actions constitute infringement of a valid patent (*i.e.,* the '631 patent).

27. Because ICON's infringement of the '631 patent is willful and deliberate, this case is exceptional pursuant to the provisions of 35 U.S.C. § 285 and WAYSS is entitled to increased damages under 35 U.S.C. § 284 and to its attorneys' fees and costs under 35 U.S.C. § 285.

## **JURY DEMAND**

WAYSS requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '631 patent have been infringed, either directly or indirectly by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages, costs and reasonably attorney fees; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.


DATED: June 9, 2015            Respectfully submitted,

By:    /s/ *Timothy E. Grochocinski*
Timothy E. Grochocinski
Illinois Bar No. 6295055
tim@nelbum.com
Joseph P. Oldaker
Illinois Bar No. 6295319
joseph@nelbum.com
NELSON BUMGARDNER, P.C.
15020 S. Ravinia Ave. Suite 29
Orland Park, IL 60462
708-675-1975

COUNSEL FOR PLAINTIFF
W.A.Y.S.S. INC.